# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERTO A. TORRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-1245-EFM-KGG |
| | ) |
| BODYCOTE INTERNATIONAL, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Compel (Doc. 21) filed on January 23, 2014, seeking to compel Plaintiff to provide supplemental responses to Defendant's First Request for Production of Documents. Plaintiff did not file a response to this motion, and the time to do so has expired. *See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed within 14 days). Defendant's motion is, therefore, **GRANTED** as uncontested.

## BACKGROUND

Defendant served the discovery requests at issue in November 11, 2013. Responses were due on December 13, 2013, but were not forthcoming and Plaintiff made no request for an extension to respond. Defendant's initial "golden rule" letter demanded responses on or before December 31, 2013. (Doc. 23-1.) Plaintiff belatedly responded on January 3, 2014. In response to Requests No. 1 and No. 6

(seeking audio tapes and recordings), Plaintiff merely responded "copies of the cassettes recorded, I cannot send at this moment." (Doc. 23-2, at 3.) Defendant sent a subsequent "golden rule" letter on January 7, 2014, demanding production of copies of all cassette tapes with a deadline of January 21, 2014, to do so. (Doc. 23-3.) To date, Plaintiff has not responded to the second "golden rule" letter and, to the Court's knowledge, copies of the cassette tapes have not been provided.

## DISCUSSION

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

D. Kan. Rule 7.4.

In addition to not responding to the present motion, Plaintiff has not responded to Defendant's second "golden rule" letter. Further, Plaintiff's initial responses to the discovery at issue were not timely filed pursuant to Fed.R.Civ.P. 33(b)(2). Plaintiff has not provided any reason for these failures. As such, these failures constitute a waiver of all objections Defendants may have had to the discovery. *See* **High Point SARL v. Sprint Nextel Corp.**, No. 09-2269-CM-DJW,

2011 WL 4526770, at *16 (D. Kan. Sept. 28, 2011). The Court grants Defendant's motion as uncontested.

Defendant also seeks sanctions as a part of its motion. Fed.R.Civ.P. 37(d) provides that a court may impose sanctions against a party who fails to serve answers or objections to interrogatories submitted under Rule 33. With reference to expenses and attorney's fees, the rule provides, in relevant part:

> . . . the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

*Id*.

The purpose of sanctions is not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct. ***National Hockey League v. Metropolitan Hockey Club, Inc.***, 427 U.S. 639, 643 (1976). "[T]he limit of any sanction award should be that amount reasonably necessary to deter the wrongdoer." ***White v. GMC***, 908 F.2d 675, 685 (10th Cir. 1990).

The Court does not find that an award of costs and expenses is warranted in this instance. Plaintiff is representing himself *pro se*. His initial response to the discovery requests does not state that he was refusing to provide copies of the

3

cassettes. Rather, it inferred that he was having difficulty doing so, especially in the context of his previous attempt to file the cassettes with the Court. Although this was improper, it indicates to the Court that Plaintiff is not attempting to withhold the information. The Court directs Plaintiff to provide supplemental responses to Requests No. 1 and No. 6, and to produce the cassette tapes in question, **on or before February 27, 2014**, **at the offices of defense counsel, Douglas M. Greenwald, c/o McAnany, Van Cleave & Phillips, PA, 10 Est Cambridge Circle Drive, Suite 300, Kansas City, Kansas, 66103**.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Doc. 21) is **GRANTED**. Not later than **February 24, 2014**, Plaintiff shall provide the discovery responses as directed herein.

IT IS FURTHER ORDERED that sanctions will not be imposed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 13th day of February, 2014.

                                                  S/ KENNETH G. GALE
                                                  KENNETH G. GALE
                                                  United States Magistrate Judge