# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERTO TORRES, )
)
          Plaintiff, )
)
vs. ) Case No. 13-1245-EFM-KGG
)
LAKEWOOD MANAGEMENT )
SERVICE LLC, )
)
          Defendant. )
)

## ORDER ON SECOND MOTION FOR APPOINTMENT OF COUNSEL

Now before the Court is Plaintiff's second request for counsel. (Doc. 41.) A prior Motion for Appointment of Counsel (Doc. 4) was filed in conjunction with Plaintiff's federal court Complaint and Motion to Proceed Without Prepayment of Fees (Doc. 1; Doc. 3, sealed). While the Court granted Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 5.), it denied Plaintiff's initial request for counsel, finding that Plaintiff failed to establish the fourth *Castner* factor – that he is incapable of representing himself in this matter. *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992).

Plaintiff's current motion consists of two sentences and merely states that he would "like to have an attorney appointed to help [him] answer" Defendant's motion for summary judgment, which is currently pending before the District

Court. (Doc. 41.) Although Plaintiff indicates that he has not been able to "find any lawyer that [will] help" him, he does not provide the Court with any additional reasons as to *why* he would be entitled to such an appointment.

As stated in the Court's prior order, thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. (*See* Doc. 5.) The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner***, 979 F.2d at 1421. The Court previously determined that the complexity of the legal issues in this case and Plaintiff's ability to gather and present crucial facts did not warrant the appointment of counsel. (Doc. 5.) The filing of a motion for summary judgment by Defendant does not change that.

Plaintiff has done nothing to distinguish himself from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Further, as stated in the Court's prior Order, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel. As such, Plaintiff's latest request for counsel (Doc. 41) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 17th day of March, 2014.

                                                S/ KENNETH G. GALE
                                              KENNETH G. GALE
                                              United States Magistrate Judge